IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE FIRST NATIONAL BANK & TRUST COMPANY OF OKMULGEE, OKLAHOMA / THE PATRICIA BOYLE YOUNG REVOCABLE TRUST AGREEMENT UTD JUNE 28, 1989 AS AMENDED AND RESTATED LAST ON THIS 23RD DAY OF FEBRUARY 2024,[1]<br><br>　　　　Plaintiff,<br><br>v.<br><br>PATRICIA BOYLE YOUNG,<br><br>　　　　Defendant. | Case No. 24-CV-155-GLJ |

# ORDER

This matter is before the Court on Petitioner The First National Bank & Trust Company of Okmulgee, Oklahoma's ("FNB") Motion to Remand [Docket No. 9]. FNB instituted this action in state court in Okmulgee County, Oklahoma. On May 1, 2024, Patricia Boyle Young as respondent/defendant to the present action removed it to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. *See* Docket No. 2. FNB now seeks to have the case remanded to state court for lack of diversity jurisdiction.

---

[1] In the Verified Petition filed in the Okmulgee District Court, the case was styled "In the Matter of the Patricia Boyle Young Revocable Trust Agreement UTD June 28, 1989 As Amended And Restated Last On This 23rd Day of February 2024."

For the reasons set forth below, Petitioner's Motion to Remand [Docket No. 9] is GRANTED.

**Background**

Petitioner FNB is a nationally chartered bank and designated Trustee of *The Patricia Boyle Young Revocable Trust Agreement UTD June 28, 1989 As Amended and Restated Last on This 23rd Day of February 2024*. FND's principal place of business is Okmulgee County, Oklahoma. *See* Docket No. 2, Ex. 2. Mrs. Young, the settlor and beneficiary of the Trust, is 99 years old and resides in California. *Id*. FNB alleges Mrs. Young suffers from various health issues that make her a "dependent adult" under the California Probate Code § 21366(a) who is susceptible to fraud or undue influence. *Id*. As it relates to the present motion, FNB alleges two of the contingent beneficiaries of the Trust, Georgia Kay Davis a/k/a Kay Davis and Kathryn Kennedy a/k/a Kathy Kennedy, are necessary parties to this lawsuit because both have engaged in conduct that is presumed to have been the product of fraud or undue influence over Ms. Young under the California Probate Code § 21380. *Id*., ¶¶ 11 & 13. Davis is a resident of California, but Kennedy is a resident of Oklahoma. *Id*.

FNB initiated this lawsuit due to alleged prior and anticipated exploitive actions of Davis and Kennedy towards Mrs. Young. *See* Docket No. 9, p. 2. Prior to removal, on April 30, 2024, FNB sought and obtained the appointment of Bill Barksdale as guardian ad litem for Mrs. Young. *See* Docket No. 2, Ex. 3; Docket No. 9, Ex. 1.[2] Specifically,

---

[2] Based on the appointment of Mr. Barksdale as Mrs. Young's guardian ad litem, it is unclear on whose behalf or under whose instructions counsel for Mrs. Young are acting in this matter. Mr.

FND alleges that Kennedy, a former trust officer of FNB who served as trust officer for the Trust from its inception until her resignation from FNB, attempted to get Mrs. Young to amend various parts of the Trust to increase donative transfers and bequests to Kennedy and others. *See* Docket No. 2, Ex. 2 at ¶ 17. Similarly, FNB alleges Davis has historically attempted to exercise undue influence over Mrs. Young and attempted to get Mrs. Young to amend the Trust to revise the donative transfers thereunder (the "Davis Amendment"). *Id*. at ¶ 18. Pursuant to 60 O.S. § 175.23, FNB seeks various guidance and declarations, including, *inter alia*, whether Mrs. Young has the capacity or competence to amend the Trust and whether FNB is obligated to honor or recognize any trust document other than the Trust. *See* Docket No. 2, Ex. 2 at ¶ 35.

## Analysis

### I. Legal Standard

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

---

Barksdale has not entered an appearance or participated in this case except as a signatory to the Joint Status Report [Docket No. 20]. Neither party addresses this issue in any of the briefing on this Motion or the other motions pending before the Court.

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982). "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

**II.    Diversity Jurisdiction**

*A. Non-Diverse Parties*

Mrs. Young removed this action to federal court based on diversity jurisdiction. *See* Docket No. 2. FNB argues that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2) because Kennedy is a necessary party to this action and FNB and Kennedy are both citizens of Oklahoma. *See* Docket No 9, pp. 3-4. Mrs. Young argues that diversity exists as Kennedy is fraudulently joined because she is not a necessary party

-4-

under 60 O.S. § 175.23(C) because she is a contingent beneficiary. *See* Docket No. 13, pp. 2-3.

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)).

Mrs. Young asserts Kennedy was fraudulently joined under the second prong. In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] *no possibility* of recovery" against the nondiverse defendant. 2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id*. at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)).[3] Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

Whether Kennedy was fraudulently joined turns on whether she is a necessary party to the action. The relevant Oklahoma statute provides:

> Actions hereunder may be brought by a trustee, beneficiary, or any person affected by the administration of the trust estate. If the action is predicated upon any act or obligation of any beneficiary, *the beneficiary shall be a necessary party to the proceedings*. The only necessary parties to such actions shall be those persons designated as beneficiaries by name or class in the instrument creating the trust and who have a vested interest in the trust which is the subject of the action, those persons currently serving as trustees

---

[3] *See, e.g., Johnson v. State Farm Fire and Cas. Co.*, 2019 WL 5388521, at *2-3 (N.D. Okla. Oct. 22, 2019) (analysing the difference between the "no possibility of recovery" standard of *Montano* and the "reasonable basis" standard in *Nerad v. AstraZeneca Pharm*, 203 F. Appx. 911, 913 (10th Cir. 2006) and concluding that the "no possibility of recovery" standard in *Montano* is closely tracked by the reasoning in *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)).

> of the trust, and any persons who may be actually receiving distributions from the trust estate at the time the action is filed. *Contingent beneficiaries designated by name or class shall not be necessary parties*.

60 O.S. § 175.23(C) (emphasis added). FNB focuses on the first two sentences, arguing that § 175.23(C) identifies beneficiaries as someone who can bring an action affected by the administration of a trust and that, if the action is predicated upon an act of the beneficiary, then that beneficiary is a necessary party. Moreover, FNB argues that the use of "beneficiary" in § 175.23(C) specifically includes contingent beneficiaries such as Davis and Kennedy. *See* Docket No. 16, pp. 1-2 (citing *Smith v. Lopp*, 2020 OK CIV APP 24, ¶ 32, 466 P.3d 642, 654 ("at least in the narrow context of § 175.23(C), the term beneficiary is not employed in a manner that excludes contingent beneficiaries")). Because FNB alleges that this action is predicated on Davis and Kennedy's conduct, FNB alleges they are both necessary parties. *See* Docket No. 9, pp. 3-4. In response, Mrs. Young points to the last sentence of § 175.23(C), which specifically provides that contingent beneficiaries are not necessary parties.[4] *See* Docket No. 13, p. 3. Mrs. Young also argues that FNB does not seek any relief against Davis or Kennedy, instead seeking a determination of whether Mrs. Young has the capacity to amend her Trust. *Id*.

On its face, § 175.23(C), as interpreted by *Smith v. Lopp*, appears to have a conflict as to whether contingent beneficiaries are or are not necessary parties. "The primary goal of any inquiry into the meaning of statutory language is to ascertain the intent of the legislature." *Twin Hills Golf & Country Club, Inc. v. Town of Forest Park*, 2005 OK 71,

---

[4] From the Okmulgee District Court docket, it appears both Davis and Kennedy were served summons and Davis filed an answer *pro se* before removal.

¶ 6, 123 P.3d 5, 6 (citing *City of Durant v. Cicio*, 2002 OK 52, ¶ 13, 50 P.3d 218, 220; *World Publishing Co. v. Miller*, 2001 OK 49, ¶ 7, 32 P.3d 829, 834). "We presume the Oklahoma Legislature expressed its intent in the statutory language. Where the language of a statute is plain and unambiguous, legislative intent and the meaning of the statute will be gleaned from the face of the statute without resort to judicial rules of statutory construction. Where legislative intent cannot be ascertained from the plain meaning of the statutory language, as when ambiguity or conflict with other statutes is shown to exist, judicial rules of statutory construction may be utilized." *Id*. (citations omitted). "Language in a statute is ambiguous when it is susceptible to more than one reasonable interpretation." *Strickien v. Multiple Injury Trust Fund*, 2024 OK 1, ¶ 14, 542 P.3d 858, 866.

Where multiple statutes construed are located within the same act, the legislative intent will be ascertained by applying a reasonable and sensible construction considering all relevant provisions to give full force and effect to each. *McIntosh v. Watkins*, 2019 OK 6, ¶ 4, 441 P.3d 1094, 1096. "[W]ords and phrases of a statute are to be understood and used not in an abstract sense, but with due regard for context, and they must harmonize with other sections of the Act." *State v. Tate*, 2012 OK 31, ¶ 7, 276 P.3d 1017, 1020. The goal of statutory construction is to harmonize the provisions within an act and not create confusion. *State v. Tyler*, 2009 OK 69, ¶ 13, 218 P.3d 510, 514. A construction that gives effect to both statutes within the act is preferred to a construction that would create a conflict within the other statute or render it meaningless. *Id*. *See also Raymond v. Taylor*, 2017 OK 80, ¶ 13, 412 P.3d 1141, 1145 ("relevant provisions must be considered together to give full force to each if possible").

The intent of § 175.23(C) is unambiguously set out as creating a cause of action for any person affected by the administration of the trust estate. Similarly, it can be unambiguously gleaned from the plain language that where the action is predicated upon the act of a beneficiary to the trust, such beneficiary is a necessary party to the action. As previously discussed, the Oklahoma Court of Civil Appeals ruled that "at least in the narrow context of § 175.23(C), the term beneficiary is not employed in a manner that excludes contingent beneficiaries." *Lopp*, 2020 OK CIV APP 24, ¶ 32, 466 P.3d at 654. Thus, in any action predicated upon the acts of a contingent beneficiary, that contingent beneficiary is a necessary party. This conclusion is not in conflict with the last sentence of § 175.23(C). To harmonize these two provisions to carry out the legislature's intent, the only logical interpretation is that the last sentence applies only to those contingent beneficiaries whose acts are not the predicate for the underlying action. To conclude otherwise would not give effect to both the second and last sentence of § 175.23(C), and would cause confusion and conflict.

Indeed, the necessity of the logical harmonization of these two provisions is precisely the circumstance in this case. FNB alleges Davis and Kennedy's acts are the predicate for the action. There are other contingent beneficiaries identified, however, who are not alleged to be necessary parties because they have not done any act upon which the action is predicated. *See*, *e.g.*, Docket No 2, Ex. 2 at ¶¶ 7-10, 12, and 14-16. Thus, Davis and Kennedy are necessary parties to this action, but the other contingent beneficiaries are not, which comports with the logical interpretation that harmonizes all of the provisions of § 175.23(C).

Moreover, although "[i]t is a well-settled rule of statutory construction that where a matter is addressed by two statutes, one specific and one general, the specific statute controls[,]" *Sprowles v. Thompson*, 2010 OK CIV APP 80, ¶ 21, 239 P.3d 981 (citation omitted), the more specific provision here is that beneficiaries engaged in predicate acts are necessary parties. Mrs. Young argues that because FNB is not seeking a determination that Davis or Kennedy unduly influenced her, then their acts are not the predicate of this action. This argument misses the core of FNB's claim and is not a reasonable interpretation of the entirety of § 175.23(C). FNB alleges that it brings this action seeking guidance and declarations because of Davis and Kennedy's past and potential future attempts to unduly influence Mrs. Young to amend the Trust and alter donative transfers and bequests to their benefit. As a result, Davis and Kennedy's acts are the predicate for the action and both are necessary parties under 60 O.S. § 175.23(C). Because Kennedy is an Oklahoma resident, complete diversity does not exist and diversity jurisdiction does not exist under 28 U.S.C. § 1441(b)(2).

B. *Amount in Controversy*

FNB also argues that Mrs. Young fails to establish that the amount in controversy exceeds $75,000.[5] *See* Docket 9, pp. 5-6. In her removal, Mrs. Young asserts the conclusory allegation that the amount in controversy exceeds $75,000. *See* Docket No. 2.

The partis agree that in an action for declaratory relief the amount in controversy is the value of the object of the litigation. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d

---

[5] Although the Court finds that diversity jurisdiction does not exist because of non-diverse parties, the Court nonetheless addresses FNB's other grounds for remand.

893, 897 (10th Cir. 2006) ("The Tenth Circuit has followed what has commonly been referred to as the "either viewpoint rule" which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum."). Mrs. Young argues that the value of the object of the litigation is the value of the Trust, whereas FNB argues that simply pointing to the value of the trust without more is insufficient speculation. *See* Docket No 13, pp. 4-5; Docket No. 16, pp. 4-5.

Whether or not intentionally, FNB's redactions of the amounts in Exhibit B of the Trust make it impossible to compare the values to be changed in the Davis Amendment attached to the Verified Petition to determine "the pecuniary effect of an adverse declaration will have on either party to the lawsuit." *City of Moore v. Atchinson, Topeka & Sante Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983). Although the bequests amounts are visible in the Davis Amendment, all such corresponding amounts are redated in Exhibit B to the Trust. *See, e.g.*, Docket No. 2, Ex. 2 at Ex. B; Docket No. 2, Ex. 2 at Ex. 3. Nonetheless, the face of the Verified Petition alleges that Davis and Kennedy sought to use undue influence to increase the donative transfers amount to $500,000, but it is not clear what amount currently exists under the Trust without the David Amendment, and to increase bequests to themselves in unspecified amounts. *See* Docket No. 2, Ex. 2 at ¶¶ 18, 24-26. While it is apparent that there will be some pecuniary effect by an adverse decision, FNB redacted the information necessary to ascertain whether that amount is in excess of $75,000. Mindful that "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal," *Fajen*, 683 F.2d at 333, and that a non-diverse individual

has been found to be a necessary party, the Court declines to assume the pecuniary effect of Davis and Kennedy's alleged conduct although it appears likely to be substantial. Therefore, Mrs. Young fails adequately state the amount in controversy exceeds $75,000 and fails to satisfy her burden of establishing subject-matter jurisdiction.

### III.   *Princess Lida* Doctrine

FNB finally argues this Court should abstain from exercising jurisdiction in this matter under the *Princess Lida* doctrine.  This doctrine holds that:

> If the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other.

*Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939).  Although Mrs. Young challenges the application of this doctrine in her Response brief, *see* Docket No. 13, pp. 5-7, FNB ignores it in its Reply and appears to have abandoned this argument.  As is clear from the cases cited in support of this doctrine, however, property must be the subject matter of two concurrent cases such that the doctrine determines which case has exclusive jurisdiction.  That is not the case in this matter.  There is only one case pending involving the subject matter of the Trust.  Thus, the *Princess Lida* Doctrine is not applicable to this matter.

### Conclusion

Accordingly, as set forth herein, Petitioner The First National Bank & Trust Company of Okmulgee, Oklahoma's ("FNB") Motion to Remand [Docket No. 9] is hereby GRANTED for lack of subject matter jurisdiction.  It is further ordered that the case be remanded to the District Court of Okmulgee County, in the State of Oklahoma.

-14-

The Respondent Patricia Boyle Young's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and Brief in Support [Docket No. 7] and Respondent's Motion to Vacate [Docket No. 14] are DENIED as moot without prejudice to re-urging in state court.

**DATED** this 11th day of June, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**